IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT BRAGG,

    Plaintiff,

v.            CIVIL ACTION NO. 2:17-cv-03693

JONATHAN SWEENEY, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the court for initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and consideration of the following motions or other requests filed by the plaintiff: the Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1], the Motion for Appointment of Counsel [ECF No. 4], and the Motion for Certification of the Class [ECF No. 5]. By Standing Order, this matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN**.

I. Background

On July 24, 2017, the Clerk's Office received and docketed a Complaint under 42 U.S.C. § 1983, filed by Robert Bragg, a West Virginia state prisoner who is

presently incarcerated at the Huttonsville Correctional Center in Huttonsville, West Virginia. Compl. [ECF No. 2]. Bragg's Complaint states that, on September 21, 2016, in conjunction with his arrest on controlled substance offenses, officials of the Nicholas County Sheriff's Department seized various items of personal property from his residence in Mt. Nebo, Nicholas County, West Virginia. *Id.* at 8. The Complaint further indicates that the Nicholas County officials named as defendants herein subsequently filed a Petition for Forfeiture in the Circuit Court of Nicholas County seeking the forfeiture of Bragg's personal property pursuant to the WVCFA because such property constituted monies, negotiable instruments, and vehicles as set forth in the Act. *Id.* at 8–10. The Petition for Forfeiture is attached to the Complaint as Exhibit-A. *See* Pet. Forfeiture [ECF No. 2-2].

Bragg's Complaint asserts that the defendants "are applying a state law to him that violates the United States Constitution, and is therefore void and unenforceable." Compl. 4. The Complaint contains two "Counts" in which Bragg claims that the West Virginia Contraband Forfeiture Act ("WVCFA"), W. Va. Code §§ 60A-7-701 *et seq.*, violates the Fourth and Fifth Amendments to the United States Constitution, as applied to the State through the Fourteenth Amendment.

In Count One, Bragg alleges that the WVCFA violates the Fourth Amendment's prohibition against unreasonable searches and seizures of property except by determination of probable cause found by a neutral and detached person. *Id.* at 11. The West Virginia Code allows "[a]ny member of the State Police, any sheriff, any deputy sheriff, any municipal police officer and any campus police officer"

to "[m]ake seizures of property pursuant to [the Uniform Controlled Substances Act]." W. Va. Code § 60-A-5-501(a). Under the WVCFA, such persons may seize "property subject to forfeiture by the provisions of this article . . . without process if: . . . [they have] probable cause to believe that the property was used or intended for use in violation of this chapter." W. Va. Code § 60A-7-704(b)(4). The Complaint alleges that, because the WVFCA provides that proceeds from forfeited items go to (1) the office of the prosecuting attorney, and (2) a special law-enforcement investigation fund, W. Va. Code § 60A-7-706(a), it "allows for persons with an interest in the property to determine probable cause whether said property is deemed contraband and then seize the property said person found to be contraband." Compl. 11.

In Count Two, Bragg asserts that the WVCFA violates the Takings Clause of the Fifth Amendment, which prohibits the taking of private property for public use without just compensation. *Id.* Bragg requests that the court declare the WVCFA void and unenforceable and order an injunction prohibiting the defendants from acting pursuant thereto.

As the civil forfeiture proceeding is a matter of public record, I take judicial notice of the fact that an Order of Settlement was entered in that matter on October 12, 2017. *See* Order of Settlement, No. 0492, at 8, Civ. Action No. 16-P-55 (Cir. Ct. Nicholas Cty., W. Va. Oct. 12, 2017). The Order of Settlement indicates that, on September 19, 2017, Bragg entered a guilty plea to the drug charges in Nicholas County, pursuant to a written plea agreement, in which he also agreed to the forfeiture of his seized assets at issue in this case. *See id.* at 10.

Bragg has filed (1) a Motion for Certification of Class [ECF No. 5] requesting that the court certify this matter as a class action under Rule 23(b)(2) on behalf of a class of all West Virginia persons whose property was seized under the WVCFA; and (2) a Motion for Appointment of Counsel [ECF No. 4], in which he asserts that this matter presents exceptional circumstances warranting the court to appoint counsel to represent him and the putative class.

## II. Standards of Review

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis* and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case is one that is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992). A frivolous claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, a case should be dismissed for failure to state a claim upon which relief can be granted

if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. . . . In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678–79.

Additionally, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Mem. Hosp. Ass'n*, 361 F. Supp. 398, 400 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Med. Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, No. 99-1342, 2000 WL 339176, at *2 (10th Cir. Mar. 31, 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

III. Discussion

A. Subject Matter Jurisdiction

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. CONST. art. III, § 2; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Reg'l Jail Auth.*, No. 2:11-cv-456, 2011 WL 6024499, at *4 (E.D. Va. Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). If an event occurs before or during litigation that makes it impossible for the court to grant any effectual relief to the plaintiff, this event moots the case. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013).

The records from the Civil Forfeiture Proceeding make clear that Bragg entered into a written plea agreement on August 30, 2017. *See* Order of Settlement,

6

No. 0492, at 10, Civ. Action No. 16-P-55. Pursuant to this agreement, Bragg agreed to "forfeit all items filed in [the civil forfeiture proceeding] to the State of West Virginia and the Nicholas County Sheriff's Department." *See id.* at 11. By doing so, Bragg mooted any claim concerning the constitutionality of the seizure thereof under the WVCFA.

Because Bragg's individual claim is moot, the court lacks subject matter jurisdiction to consider Bragg's claims for relief and his Complaint must be dismissed. Accordingly, the defendants will not be served with process and will not be required to appear or defend this matter.

### B.    Class Certification and Appointment of Counsel

Because Bragg's Complaint must be dismissed, his Motion for Appointment of Counsel [ECF No. 4] and Motion for Certification of Class [ECF No. 5] must be denied.

Bragg seeks to pursue this matter as a class action and requests that the court certify a class of persons whom he claims are similarly situated and affected by the application of the WVCFA. *See* Mot. Certification Class. He has the burden of establishing each of the requirements for such certification. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006). Rule 23(a) of the Federal Rules of Civil Procedure requires that the prospective class comply with four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Additionally, "the class action must fall within one of the three categories enumerated in Rule 23(b)." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014) (citation

7

omitted). "Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *Id.* at 358 (citations omitted).

In light of the finding that Bragg's individual claim cannot proceed, certification of a class as requested by Bragg is not appropriate because he cannot meet the requirements of commonality, typicality, and fair and adequate representation. Consequently, Bragg has not demonstrated that this matter is appropriate for class certification under Rule 23.

Bragg correctly recognizes that, even were his claim to survive the preliminary screening stage, there is no right to appointment of counsel in a civil matter such as this and that a class action may not be brought by a *pro se* plaintiff. Mot. Appointment of Counsel 2 [ECF No. 4]; see *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). In *Oxendine*, the Fourth Circuit stated, "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." 509 F.2d at 1407. Additionally, Rule 23 provides that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g). Thus, Bragg requests that the court exercise its discretion to appoint an attorney to represent the putative class, with Bragg serving as the class representative. Mot. Appointment of Counsel 2.

However, as the Fourth Circuit has instructed, courts should "exercise this power 'only in exceptional circumstances.' Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individual

bringing it.'" *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (quoting *Whisenant*, 739 F.2d at 163); *Zuniga v. Effler*, 474 F. App'x 225, 225 (4th Cir. 2012) (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978)) ("Appointment of counsel is proper 'if it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it' or some other exceptional circumstance is present.").

In the instant matter, Bragg has not demonstrated a colorable individual claim or any actionable claim on behalf of the putative class. Consequently, even if Bragg had stated a claim upon which relief could be granted, appointment of counsel would not be warranted.

## IV. Conclusion.

For the reasons stated herein, it is hereby **ORDERED** that Bragg's Complaint [ECF No. 2] is **DISMISSED** and his Motion for Appointment of Counsel [ECF No. 4] and Motion for Certification of the Class [ECF No. 5] are **DENIED**. It is further **ORDERED** that Bragg's Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1] is **DENIED**, but the filing fee is **WAIVED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the plaintiff.

ENTER: March 13, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE